STEVEN T. GUBNER - Bar No. 156593
RICHARD D. BURSTEIN - Bar No. 56661
TALIN KESHISHIAN - Bar No. 201830
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:  (818) 827-9099
Email:        sgubner@bg.law
                   rburstein@bg.law
                   tkeshishian@bg.law

Attorneys for Timothy J. Yoo, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARIA GUADALUPE ORTIZ SANTOS aka IRMA MARIA GUADALUPE ORTIZ SANTOS aka LUPITA ORTIZ,<br><br>                    Debtor.<br><br>TIMOTHY J. YOO, CHAPTER 7 TRUSTEE,<br><br>                    Plaintiff,<br><br>v.<br><br>EDUARDO INFANZON GUTIERREZ, an individual,<br><br>                    Defendant. | Case No. 2:18-bk-11868-ER<br><br>Chapter 7<br><br>Adv. Case No. 2:18-ap-        -ER<br><br>**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFER**<br><br>**[11 U.S.C. §§ 542, 544, 550 and California Civil Code § 3439, *et seq*.]**<br><br>**Status Conference:**<br>**Date:**        To be set.<br>**Time:**        To be set.<br>**Courtroom:** |

**TO DEFENDANT EDUARDO INFANZON GUTIERREZ, AN INDIVIDUAL:**

      Plaintiff, Timothy J. Yoo, the duly appointed and acting Chapter 7 Trustee ("Trustee") on

behalf of the bankruptcy estate ("Estate") of Maria Guadalupe Ortiz Santos aka Irma Maria

Guadalupe Ortiz Santos aka Lupita Ortiz ("Debtor") complaining of defendant Eduardo Infanzon

Gutierrez ("Infanzon Gutierrez"), alleges as follows:

1

1.     The Trustee is informed and believes that on or about September 30, 2009, the Debtor and Infanzon Gutierrez created a revocable living trust by the name of Eduardo Infanzon Gutierrez and Irma Maria Guadalupe Ortiz Santos Trust ("Trust").  The Trustees of the Trust were the Debtor and Infanzon Gutierrez.  A true and correct copy of the Trust is attached hereto and incorporated herein by this reference as Exhibit 1.

2.     This is an action to recover for the benefit of the Estate approximately $225,000.00 of the approximately $692,000.00 of net proceeds ("Sale Proceeds") from the Trust's sale of that certain parcel of real property which it acquired and to which it held title after the formation of the Trust, a condominium located at 4314 Marina City Drive, Unit 720, Marina del Rey, California ("Property").  From the Sale Proceeds, the Debtor caused a total of $570,000.00 to be transferred from Bank America account no. 3250-XXXX-8799 held in the name of the Trust over which she was given signing authority ("BofA Account"), in two separate wire transfers on November 28, 2015 and November 30, 2015 in the amount of $170,000.00 and $400,000.00, respectively (referred to collectively here as "Transfer") to the bank account belonging to Infanzon Gutierrez or used for his benefit at Banco Nacional De Mexico SA, Account No. 1186 ("Infanzon Gutierrez Account").  The Debtor and Infanzon Gutierrez agreed between them that not only was Infanzon Gutierrez entitled to return of his initial $120,000.00 deposit for the purchase of the Property but an additional $450,000.00.  The Debtor was allowed to retain from the Sale Proceeds only a reimbursement of her initial contribution to the purchase of the Property in the sum of $120,000.00, when in fact she should have received at least an additional $225,000.00 of the Sales Proceeds before any funds were transferred to Infanzon Gutierrez.

3.     The Trustee is informed and believes that the Debtor did not receive reasonably equivalent consideration for the Transfer.

4.     The Trustee is informed and believes, and based thereon alleges, that the Transfer is property of the Estate.

## STATEMENT OF JURISDICTION AND PROCEEDINGS

5.     On or about February 20, 2018 ("Petition Date") Debtor filed a voluntary petition under Chapter 7 of Title 11 of the Unites States Code ("Bankruptcy Code").

2016029

6.     Thereafter Timothy J. Yoo was appointed as the chapter 7 Trustee ("Trustee"), in which capacity he continues to serve.  The Trustee has standing to bring this adversary proceeding on behalf of the Estate pursuant to 11 U.S.C. §323.

7.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(b)(1) and 1334(a) and General Order No. 13-05 of the United States District Court for the Central District of California.  This is a core proceeding under 28 U.S.C § 157(b)(1), 2(E) and 2(H).  The Trustee consents to final judgment by the Bankruptcy Court.

8.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to the Debtor's case under Chapter 7 of the Bankruptcy Code, which case is still pending.

9.     This Trustee is informed and believes, and based thereon alleges, that defendant Infanzon Gutierrez is an individual who, at all times herein mentioned, is subject to the jurisdiction of this Court by virtue of his interest in the Trust, its ownership of the Property and his receipt of the Transfer and because he separately owns a residence within the State of California and has maintained other contacts within the jurisdiction of this Court.

## THE EVENTS LEADING TO THE TRANSFER

10.     On or about September 30, 2009, the Debtor and Infanzon Gutierrez created the Trust which thereafter held the Property.

11.     On or about October 5, 2009, the Debtor and Infanzon Gutierrez purchased the Property at a price of $600,000.00.  The Debtor contributed $123,548.40 as an initial deposit toward the purchase of the Property.  Infanzon Gutierrez contributed the sum of $120,000.00 as an initial deposit toward the purchase of the Property.

12.     The Trustee is informed and believes that the seller of the Property, Donald T. Bolin, Trustee of the Donald T. Bolin 2004 Living Trust dated August 30, 2004 ("Bolin") provided financing to the Debtor and Infanzon Gutierrez for the balance of the purchase price on the Property. On or about September of 2009, the Debtor and Infanzon Gutierrez both executed a promissory note in favor of Bolin ("Note") agreeing to the repayment schedule of the loan over a three-year period and Bolin took back a first trust deed on the Property for the sum of $360,000.00.

2016029

13.     The Trustee is informed and believes that the Debtor resided at the Property beginning from on or about September of 2013 through October 2015.

14.     The Trustee is informed and believes that Note was paid off to Bolin in its entirety by September 2012.

15.     The Trustee is informed and believes that on or about July 1 2016, former State Senator Nathaniel Holden filed a complaint for Negligence and Negligent Infliction of Emotional Distress against the Debtor and others in the Los Angeles Superior Court, case number BC625886 ("Holden Action") arising out of events that allegedly first occurred in or about December of 2013 through July of 2015.  The Complaint also included numerous other causes of action against multiple other defendants, including, but not limited to Marina City Club Condominium Owners Association ("Marina").  The Trust and Infanzon Gutierrez also became defendants and/or cross defendants in the Holden Action.

16.     The Trustee is informed and believes that Debtor, while aware of the events leading up to and underlying the Holden Action, on or about November 18, 2015, participated with Infanzon Gutierrez through the Trust in selling the Property for the total price of $770,000.00 ("Sale").  The net proceeds from the Sale totaled $692,520.75 and were deposited directly into the Trust's BofA Account.

17.     On or about January of 2018, Marina filed a Cross-Complaint for breach of covenant, declaratory relief, express indemnity, equitable indemnity and implied contractual indemnity against the Debtor and Infanzon Gutierrez in the Holden Action.

**THE TRANSFER**

18.     The Trustee is informed and believes, and based thereon alleges, that of the total $692,520.75 Sale Proceeds from the Trust's sale of the Property held in the Trust's BofA Account, account no. 3250-XXXX-8799, over which the Debtor was given signing authority, the Debtor caused to be transferred, from the Sale Proceeds, two separate wire transfers on November 28, 2015 and November 30, 2015 in the sum of $170,000.00 and $400,000.00, respectively, to be transferred to the Infanzon Gutierrez or for his benefit in the Infanzon Gutierrez Account.  The Debtor and Infanzon Gutierrez agreed between them that not only was Infanzon Gutierrez entitled to the return

2016029

of his initial $120,000.00 deposit for the purchase of the Property but an additional $450,000.00.  The Debtor was allowed to retain from the Sale Proceeds only a reimbursement of her initial contribution to the purchase of the Property in the sum of $120,000.00, when in fact she should have received at least an additional $225,000.00 of the Sale Proceeds before any funds were transferred to Infanzon Gutierrez.

19.    The Trustee is informed and believes that the Debtor did not receive reasonably equivalent consideration for the Transfer.

20.    The Trustee is informed and believes, and based thereon alleges, that the Transfer is property of the Estate.

21.    The Trustee is informed and believes that the Debtor and Infanzon Gutierrez in allocating the Sale Proceeds and Debtor in making the Transfer, failed to follow the provisions of the Trust as they had acted under it prior to the Sale.

22.    The Trustee is informed and believes, and based thereon alleges, that as a result of the Transfer the Debtor received approximately $225,000.00 too little from the Sale Proceeds.

## FIRST CLAIM FOR RELIEF

### Avoidance of Fraudulent Transfer Against Defendant (Actual Intent) 11 U.S.C. §§ 544 and California Civil Code §§ 3439.04(a)(1) and 3439.07

23.    The Trustee realleges each and every allegation contained in foregoing paragraphs of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

24.    The Trustee is informed and believes and thereon alleges that during the four-year period immediately preceding the Petition Date, Debtor made the Transfer with the actual intent to delay, hinder or defraud Debtor's creditors.

25.    By reason of the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. § 544, California Civil Code § 3439.04(a)(1) and 3439.07.

///

///

///

///

2016029

## SECOND CLAIM FOR RELIEF

### Avoidance of Fraudulent Transfer Against Defendant (Constructive Intent) 11 U.S.C §§ 544 and California Civil Code §§ 3439.04(a)(2) and 3439.07

26.    The Trustee realleges each and every allegation contained in foregoing paragraphs of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

27.    The Trustee is informed and believes and thereon alleges that during the four-year period immediately preceding the Petition Date Debtor made the Transfer.  The Transfer was made without Debtor receiving a reasonably equivalent value in exchange for such transfer and: (i) at a time that Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) at a time when Debtor intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

28.    By virtue of the foregoing, the Transfer constituted avoidable fraudulent transfer pursuant to 11 U.S.C. §§ 544 and California Civil Code §§ 3439.04(a)(2) and 3439.07.

## THIRD CLAIM FOR RELIEF

### Recovery of Avoided Transfer Against Defendant 11 U.S.C. § 550 and California Civil Code § 3439.08

29.    The Trustee realleges each and every allegation contained in foregoing paragraphs of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

30.    By reason of the foregoing, the Trustee is entitled to recover for the benefit of the Estate the Transfer from Defendants pursuant to 11 U.S.C. § 550 and Civil Code § 3439.08.

**WHEREFORE,** the Trustee respectfully prays for judgment against Defendant as follows:

1.    On the first claim for relief, that the Transfer be avoided and recovered for the benefit of the Estate;

2.    On the second claim for relief, that the Transfer be avoided and recovered for the benefit of the Estate;

3.    On the third claim for relief, for relief as follows: to recover the value of the Transfer from Defendant, for the benefit of the Estate, in the amount of $225,000.00 and according to proof,

2016029

1  plus interest at the maximum legal rate from the date of the Transfer, or such other amount as shall be

2  shown by proof at trial;

3       4.       On all claims for relief, that the Trustee be awarded costs incurred in connection with

4  this action;

5       5.       For such other and further relief as this Court deems just and proper.

6

7  DATED:  November 28, 2018              BRUTZKUS GUBNER

8

9                                        By:____/s/ Richard D. Burstein_____

10                                       Richard D. Burstein
                                         Talin Keshishian
11                                       Attorneys for Timothy J. Yoo, Chapter 7 Trustee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2016029

# DECLARATION OF TRUST

## EDUARDO INFANZON GUTIERREZ AND IRMA MARIA GUADALUPE ORTIZ SANTOS  REVOCABLE TRUST

This Declaration of Trust made and executed this 30th day of September, 2009, in the city of Montebello, State of California, by and between, the herein named Trustor(s) and Trustee(s):

**Trustors**
EDUARDO INFANZON GUTIERREZ and
IRMA MARIA GUADALUPE ORTIZ SANTOS
4314 Marina City Drive, #720
Marina Del Rey, CA 90043

**Trustees**
EDUARDO INFANZON GUTIERREZ and
IRMA MARIA GUADALUPE ORTIZ SANTOS
4314 Marina City Drive, #720
Marina Del Rey, CA 90043

**Successor Trustee**
Mauricio Infanzon Trevino and
Irma Carolina Hernandez Ortiz

**Contingent Beneficiaries**
Mauricio Infanzon Trevino and
Irma Carolina Hernandez Ortiz

WITNESSETH:

## 1. TRUST AND BENEFICIARY CLAUSE

The Trustor(s) has(have) caused the transfer of all of his(her)(their) rights, title and interest in and to the property herein described in Paragraph 2 of this Declaration of Trust, to the above named Trustee(s) to be held IN TRUST for the use, benefit and enjoyment of the above named Beneficiary (Beneficiaries) in equal shares; and unless otherwise hereinafter designated, said share(s) shall be per stirpes with the right of representation.

Not withstanding any other provision of this Declaration of Trust the Contingent Beneficiaries shall receive nothing unless both Trustors sustain a simultaneous death or death caused by the same event. This Declaration of Trust can only be revoked by both Trustors unless there has been a death of one of the co-Trustors.

*E.I*
*I.O.*

EXHIBIT "1"

8

## 2. THE TRUST PROPERTY

The trust property being initially transferred by the Trustor(s) to establish this DECLARATION OF TRUST is situated and described as follows:

Real property in the city of Los Angeles, County of Los Angeles, State of California.
Legal Description attached as Exhibit A.

The real property is commonly known as: 4314 Marina City Drive, #720 Marina Del Rey, CA 90043.

Including any other real and/or personal property of every kind and nature which the Trustee(s) may, pursuant to any of the provisions hereof, at any time hereafter acquire, hold or cause to be made payable to this Trust, and the investments, and reinvestments (all such property being hereinafter referred to collectively as the Trust Property) for the benefit, purposes and uses, and upon the terms and conditions herein set forth.

## 3. AUTHORITY, POWER AND RIGHTS OF TRUSTOR(S)

(a) The Trustor(s) reserve(s) unto himself(herself) (themselves) the authority, power and right to amend, modify or revoke the TRUST hereby created. No prior notice to, or consent of, any Beneficiary or the Trustee(s) shall be required.

(b) The Trustor(s) may at any time appoint, substitute or otherwise change the person(s) designated to act as Trustee(s) or successor Trustee under this TRUST hereby created. No prior notice to, or consent of, any such Trustee, Successor Trustee or Beneficiary shall be required.

(c) All amendments, notices or other instruments effecting or furthering the purposes of this Declaration of Trust, brought pursuant to this Section, shall be in writing and upon proper form.

## 4. TRUSTOR'S(S') EXCLUSIVE RIGHT TO TRUST INCOME

The Trustor(s) during his(her)(their) lifetime, shall be exclusively entitled to all income accruing from the Trust property. No beneficiary named herein shall have any claim upon such Trust Income or profits.

## 5. TRUSTOR'S(S') AUTHORITY TO ENCUMBER TRUST PROPERTY

The Trustor(s), in his(her)(their) capacity as Trustee(s) shall be empowered with the discretionary authority to mortgage, pledge, hypothecate or otherwise encumber with a lien any or all of the Trust Property. Said lien(liens) may be satisfied, settled or discharged from the income, rents or profits accruing from the Trust Property, or any other non-trust property owed by the Trustor(s), if her(she)(they) so elect.

## 6. POWERS OF TRUSTEE(S)

(a) The Trustee(s) under this Declaration of Trust has(have) all of the discretionary powers deemed necessary and appropriate to administer this trust, including, but not limited to,

2

E I
I. O.

The power to buy, sell, trade, deal, encumber, mortgage, pledge, lease or improve the Trust
Property whether real or personal in nature including every type and nature of both debt and
equity instruments, option contracts and/or limited partnerships interest, when such action is
deemed to be in the best interest and furtherance of the Trust purposes.

(b) In the event this Declaration of Trust provided for more than one Trustee (Co-
Trustee), and unless the Co-Trustee designation on Page 1 of the Declaration of Trust utilizes the
conjunction "and", the exercise of any and all authorities, power and rights accorded to said Co-
Trustees under this Trust shall not be construed as requiring the Trustees to act in unison in order
to exercise any Trust Authority and Power, but that each such Co-Trustee may severally exercise
any of the enumerated Trust Powers.

(c) In the event of a physical or mental incapacity or death of one of the Co-Trustees, the
survivor shall continue as the Sole Trustee with full authority to exercise all of the powers and
rights accorded to a Trustee under this Trust.

(d) The Trustee(s) shall be fully authorized to pay over or disburse to the Trustor(s), any
amounts required by said Trustor(s) from the income or principal of the Trust, from time to time.

## 7. AUTHORITY OF SUCCESSOR TRUSTEE(S) TO ADMINISTER THE TRUST
(a) The Successor Trustee(s) shall, upon either the death of the Trustor, the simultaneous
deaths of the Co-Trustors, or the death of the surviving Co-Trustor, assume the active
administration of the Trust, and forthwith transfer all right, title and interest in and to the Trust
property unto the Beneficiaries, subject however to the provisions of Paragraph 10 below.

(b) The Successor Trustee(s) shall assume the active administration of the Trust during
the lifetime of the Trustor(s) when the Trustor or Trustors is(are) unable to actively and
competently exercise any of the authorities, powers or rights so accorded under this Trust by
reason of sustaining a Medical or Mental Impairment, as certified and properly documented by a
competent attending medical authority.

## 8. TERMINATION OF SUCCESSOR TRUSTEE'S AUTHORITY
The Successor Trustee's authority and power as provided under Paragraph 7(b) may be
subsequently terminated by the Trustor(s) without the consent of, or prior notice to, said
Successor Trustee when the Trustor or Trustor(s) is(are) sufficiently recovered from the Medical
or Mental impairment as described under Paragraph 7(b) above, and thus, fully and competently
capable of actively administering this Trust.

The termination of the Successor Trustee's authority to actively administer this Trust
under Paragraph 7(b) shall be effective immediately upon the Successor Trustee's receipt of the
Trustor's Notice Terminating all such authorities and powers previously granted by the
Trustor(s).

## 9. AUTHORITY OF SUCCESSOR TRUSTEE TO DISBURSE FUNDS

3

ET
I.O.

The Successor Trustee shall be fully authorized to pay or disburse such sums from the income or principal as may be required, necessary or desirable to maintain the comfort and welfare of the Trustor(s) when the conditions described in Paragraph 7(b) of this Declaration of Trust prevails.

## 10. AUTHORITY OF SUCCESSOR TRUSTEE TO CONTINUE TRUST

(a) The Successor Trustee shall hold in Continuing Trust, upon the deaths of the Trustor or the Surviving Trustors, that share of a beneficiary's Trust Assets when such beneficiary (beneficiaries) shall not have attained the age of 21 years. During such period of continuing Trust, the successor Trustee, in his(her) discretion, may retain the specific Trust Property in question, if it is deemed to be in the best interest of the beneficiary (beneficiaries) to do so, or the specific Trust Property may be sold or otherwise disposed of with the proceeds of such sale being invested or reinvested in a reasonable prudent manner.

If said specific Trust Property shall be productive of income, or if such property be sold or otherwise disposed of, the Successor Trustee may pay, disperse or otherwise expend any or all of the income or principal accruing from such property toward the maintenance, education or support of such beneficiary without the intervention of any parent or guardian, and without application to any Court.

Said payments may be made either to the parents, guardian or any other person or institution exercising the responsibility of maintaining, educating or supporting such beneficiary and without any liability upon the Successor Trustee as to the application thereof.

(b) In the event said beneficiary survives the Trustor(s), but dies before attaining the age of 21 years, the Successor Trustee shall transfer, pay over and deliver the Trust Property being held for such beneficiary to the Estate of said beneficiary.

## 11. INALIENABILITY OF BENEFICIARY'S INTEREST IN TRUST

The interest of the Beneficiary(Beneficiaries) under the Trust shall be inalienable. Said Beneficiary(Beneficiaries) can not assign, sell, pledge, encumber or otherwise transfer his(her) inalienable interest in the Trust Property to a third party. Nor can such interest be attached, garnished, levied upon or otherwise subjected to any proceedings whether at law or in equity.

## 12. BENEFICIARY'S PROPORTIONATE LIABILITY FOR ESTATE TAXES

Each Beneficiary hereunder shall be liable for his(her) proportionate share of any Estate Taxes that may be levied upon the total value of the Trust Property distributed to said Beneficiaries upon the death of either the Trustor or the survivor of the Trustors.

## 13. REVOCATION OF DESIGNATION OF BENEFICIARY

(a) The Trustor(s) are reserved with the right to revoke, at any time, the designation of a herein named Beneficiary, without prior notice to or the consent of any other such Beneficiary.

4

EI
LO.

(b) The Trustor(s) may, at any time, either designate a new beneficiary to replace a previously revoked beneficiary designation or designate an additional beneficiary, notwithstanding all previous beneficiary designations. No prior notice to or the consent of any other beneficiary is required.

(c) In the event any Beneficiary under this Trust shall not survive the Trustor(s), the Trustor(s) may designate a new beneficiary to replace such beneficiary by amending this Declaration of Trust. If however, the Trustor(s) fail(s) to so designate a new beneficiary as herein provided, then, upon the death of either the Trustor or the survivor of the Trustors, such beneficiary's share of the Trust Property shall be distributed in accordance with the survivor designation provided hereinbefore in Paragraph 1.

## 14. NON-LIABILITY OF THIRD PARTIES

(a) This Trust is created with the express intent and understanding that any third parties, including their Agents, Employees or Vendors, who, upon the written request of the Trustor(s), or under the color of authority granted to the Trustee(s) in this Trust Instrument, perform any duties or render any services in the furtherance of the purposes and intents of this Trust, absent any showing of fraud, shall be under no liability for the application or proper administration of any assets or properties being the subject of the said third party's acts.

(b) This limitation of liability gives specific protection to any third party who acts, performs or renders any services pursuant to any Notice, Instrument or Document believed (and represented ) to be genuine, and to have been signed and presented by the proper party(parties).

(c) It is further the express intent of this Trust that the non-liability of all Third Parties be given broad and prospective application. In particular, A Depository, Custodial Agent or Financial Institution, including, but not limited to: Banks, Brokerage Firms, Credit Unions, Saving and Loan Institutions, Transfer Agents, Thrift Associations, or any other person or entity acting in a Fiduciary capacity with regards to any assets

or property comprising the TRUST RES, shall suffer no liability, nor incur any express or implied obligations when acting in the capacity of a Transferor, upon proper request, of any assets or property either sought to be, or constructively comprising the Trust Res.

## 15. EXTENSION OF TRUST POWERS

This DECLARATION OF TRUST shall extend to and be binding upon the Heirs, Executors, Administrator and assigns of the undersigned Trustor(s) and upon the Successor(s) to the Trustee(s).

## 16. BOND AND EXPENSES

(a) The Trustee(s) under this DECLARATION OF TRUST shall serve without Bond.

(b) The Successor Trustee may also serve without bond, except that bond may be required when, upon the death(s) of the Trustor(s), whichever applicable, the Beneficiary(ies) either shall

5

E.I
I.O.

not have attained majority age or the distribution of the Trust Res to any beneficiary(ies) is limited by a proper document which effectively continues the Trust. The requirement of Bond in this instance shall be in a nominal amount, chargeable to the Trust Res.

(c) The Successor Trustee shall be reimbursed, before final distribution to the Beneficiary(ies), for all out-of-pocket expenses incurred in the discharge of duties as Successor Trustee.

(d) Upon the agreement of the Beneficiary(ies), including the parent(s) or guardian(s) of any such Beneficiary(ies) not of majority age, the Successor Trustee may be reasonably compensated for extraordinary time and efforts employed to accomplish the discharge of duties as Successor Trustee.

## 17. COMPENSATION TO SUCCESSOR TRUSTEE

(a) A Trustee shall receive reasonable compensation for said Trustee's services hereunder and reimbursement for any reasonable expenses said Trustee incurs as Trustee. It is the intention of the parties hereto that at all times the Trustee will receive, for ordinary services, an amount equal to that amount charged by a professional Trustee, at then-current rates, for the performance of similar ordinary services rendered in the management of assets of a comparable nature and value to those in the Trust Estate, and fair and reasonable compensation for the Trustee's extraordinary services, if any.

(b) The Trustee shall be entitled to pay such reasonable compensation from time to time without prior court order or approval of any beneficiary. The Trustee may waive the right to compensation. Notwithstanding any of the foregoing, however, all compensation to the Trustee shall be documented and reported at least annually to the vested income beneficiaries.

(c) If during the lifetime of the Trustors the only property held by the Trustee under his Trust Agreement consists of life insurance policies and/or similar property, then the Trustee shall receive no compensation.

(d) If the Trustors terminate the Trusts established hereunder or remove or replace any Trustee prior to the funding of said Trusts, then in such event the Trustee shall be entitled to a reasonable fee for services rendered hereunder, if any, but in no event shall such fee exceed the sum of One Hundred Dollars ($100.00).

## 18. APPLICABILITY OF STATE LAWS

This DECLARATION OF TRUST shall be construed and enforced in accordance with the Laws of the State of California.

## 19. SAVING CLAUSE

6

*E I*
*I .O*

13

If a State Court of competent jurisdiction shall at any time invalidate any of the separate provisions of the Declaration of Trust, such invalidation shall not be construed as invalidating the whole of this Declaration of Trust, but only that separate provision in controversy. All of the remaining provisions shall be undisturbed as to their legal force and effect.

IN WITNESS WHEREOF, the Trustor(s) has(have) hereunto set his(her)(their) hand(s) and seal(s) the day and year first above written.

9-30-09
DATE

EDUARDO INFANZON GUTIERREZ - Trustor

9-30-09
DATE

IRMA MARIA GUADALUPE ORTIZ SANTOS - Trustor

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

On SEPTEMBER 30, 2009 before me, ALMA SANOJA
a Notary Public in and for said State, personally appeared

EDUARDO INFANZON GUTIERREZ AND IRMA MARIA GUADALUPE ORTIZ SANTOS

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____ (Seal)

ALMA SANOJA
Commission # 1723391
Notary Public - California
Los Angeles County
My Comm. Expires Feb 15, 2011

7

14

# EXHIBIT 'A'

### LEGAL DESCRIPTION

The Condominium shall mean that certain Condominium consisting of the following elements:

A sub-leasehold condominium estate in and to the following described parcels:

### PARCEL 1:

That portion of Lot 1 of Tract No. 45545, in the County of Los Angeles, State of California, as per map recorded in Book 1100, pages 36 through 38 inclusive of Maps, in the Office of the Los Angeles County Recorder, which is shown, delineated and described as Unit **No. 720 (The Center Tower South)** on that certain condominium plan (the "Condominium Plan") recorded on January 11, 1988, as Instrument No. 88-33404 in the Official Records of Los Angeles County.

### PARCEL 2:

An undivided one six hundredth (1/600) interest in and to that portion of Lot 1 of said Tract No. 45545, shown, delineated and described as the "Common Air Space Element, South Sector of West Tower, Plaza Level" on the Condominium Plan.

### PARCEL 3:

The exclusive Appurtenant Right to use Parking Space No. 467 located in **The Center Tower**, and Parking Space No. 469 located in **The Center Tower**, as shown, delineated and described on said Condominium Plan and more particularly described in Section 5.2 and Article 17 of the Master Condominium Sublease, a memorandum of which was recorded on February 9, 1988 as Instrument no. 88-176672, Official Records of said County.

### PARCEL 4:

The non-appurtenant Rights of ingress, egress, support, use, enjoyment and other like matters applicable to the above-described parcels 1 to 3, inclusive as said rights are more particularly described in Section 5.3 of said Master Condominium Sublease. Said appurtenant Rights currently affect Lots 1-3 inclusive of said Tract No. 45545.

EI
I.O.

**CERTIFICATE OF TRUST** - (Probate Code § 18100.5)

I, IRMA MARIA GUADALUPE ORTIZ SANTOS  declare:

1.  I am an adult residing in Los Angeles County, State of California.  I have personal firsthand knowledge of the matters set forth herein and if called as a witness, I could and would competently testify to the matters set forth herein.

2.  A revocable living trust was executed by Eduardo Infanzon Gutierrez and Irma Maria Guadalupe Ortiz on September 30, 2009.

3.  The pertinent information of the trust is as follows:

Trustors: Eduardo Infanzon Gutierrez and Irma Maria Guadalupe Ortiz
        Santos

Initial Trustees:  Eduardo Infanzon Gutierrez and Irma Maria Guadalupe
                Ortiz Santos

Trust Name:    Eduardo Infanzon Gutierrez and Irma Maria Guadalupe
                Ortiz Santos Revocable Trust dated September 30, 2009.

4.    Upon the death of the Surviving Trustor, or in the absence of a competent Trustee, the Successor Trustees, are as follows: Mauricio Infanzon Trevino and Irma Carolina Hernandez Ortiz.

5.    The trust has not been revoked, modified, or amended in any manner which would cause the representations contained in this certification of trust to be incorrect.

6. This certificate of trust is being signed by the currently acting co-trustee.  I certify that I have all powers and duties of the trust and that I am the duly appointed trustee of the trust.

7. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed  on September _30_, 2009 at Montebello, California.

_____
IRMA MARIA GUADALUPE ORTIZ
SANTOS - Trustee

1

CERTIFICATE OF TRUST

# DOCUMENT: CERTIFICATE OF TRUST

STATE OF CALIFORNIA

COUNTY OF ___*LOS ANGELES*___

On ___*SEPTEMBER  30, 2009*___  before me. ___*ALMA SANOJA*___.
a Notary Public in and for said State, personally appeared

*IRMA MARIA  GUADALUPE  ORTIZ*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____ (Seal)

ALMA SANOJA
Commission # 1723391
Notary Public - California
Los Angeles County
My Comm. Expires Feb 13, 2011

2

CERTIFICATE OF TRUST

FORM B104 (08/07)                                                  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Timothy J. Yoo, Chapter 7 Trustee | DEFENDANTS<br>Eduardo Infanzon Gutierrez, an individual |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Brutzkus Gubner<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA  91367<br>(818) 827-9000 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Avoid and Recover Fraudulent Transfer [11 U.S.C. §§ 542, 544, 550 and California Civil Code § 3439, et seq.]

**NATURE OF SUIT** (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
**1** 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et. seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|

| ☐ Check if a jury trial is demanded in complaint | Demand $ To Be Determined |
|---|---|

Other Relief Sought

FORM B104 (08/07), page 2                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| **NAME OF DEBTOR**<br>MARIA GUADALUPE ORTIZ SANTOS aka IRMA MARIA GUADALUPE ORTIZ SANTOS aka LUPITA ORTIZ | **BANKRUPTCY CASE NO.**<br>2:18-bk-11868-ER |

| **DISTRICT IN WHICH CASE IS PENDING**<br>Central District of California | **DIVISIONAL OFFICE**<br>Los Angeles Division | **NAME OF JUDGE**<br>The Honorable Ernest M. Robles |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)**<br><br>/s/ Richard D. Burstein | |
|---|---|
| **DATE**<br>**November 28, 2018** | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>**Brutzkus Gubner**<br>**By: Richard D. Burstein** |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| STEVEN T. GUBNER - Bar No. 156593<br>RICHARD D. BURSTEIN - Bar No. 56661<br>TALIN KESHISHIAN - Bar No. 201830<br>BRUTZKUS GUBNER<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile: (818) 827-9099<br>Email: sgubner@bg.law<br>    rburstein@bg.law<br>    tkeshishian@bg.law<br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>MARIA GUADALUPE ORTIZ SANTOS aka IRMA MARIA GUADALUPE ORTIZ SANTOS aka LUPITA ORTIZ,<br><br><br>Debtor(s). | CASE NO.: 2:18-bk-11868-ER<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 2:18-ap-        -ER |
|---|---|
| TIMOTHY J. YOO, CHAPTER 7 TRUSTEE,<br><br><br><br>Plaintiff(s)<br>Versus<br><br>EDUARDO INFANZON GUTIERREZ, an individual,<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____
> **Time:** _____
> **Courtroom:** 1568
>
> **Place:**
> ☒ 255 East Temple Street, Los Angeles, CA 90012
> ☐ 3420 Twelfth Street, Riverside, CA 92501
> ☐ 411 West Fourth Street, Santa Ana, CA 92701
> ☐ 1415 State Street, Santa Barbara, CA 93101
> ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                   Page 1                          **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                Page 2                                **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____        _____
*Date*                          *Printed Name*                                              *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    Page 3                        **F 7004-1.SUMMONS.ADV.PROC**